ATLANTIC MOTOR FINANCE COMPANY, a corporation, et al., complainants; REBA F. WOOTTON, assignee of one Raymond G. Hancock, complainant-appellant,

*v.*

BRIGANTINE GOLF AND COUNTRY CLUB, defendant-respondent.

[Decided January 10th, 1935.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Sooy, who delivered the following opinion:

"The receiver has reported the sale of the lands and real estate of the above named defendant, together with the buildings thereon and the furnishings and equipment therein.

"An order to show cause was advised upon the filing of the receiver's report of sale and all creditors were notified of the terms and conditions under which the proposed sale had been made.

"Upon the return of the order to show cause, no creditor appeared opposing confirmation, but William Elmer Brown, Jr., a solicitor of this court, did appear, representing the assignee of one Raymond G. Hancock, who had previously entered into a contract with the receiver for the purchase of the real estate and personal property in question.

"It appears that on May 7th, 1934, this court confirmed the sale to one Raymond G. Hancock. Under the terms of that sale, Mr. Hancock paid $1,000 down-money and the balance thereof was to be paid on or before July 1st, 1934. Mr. Hancock failed to pay the balance of the consideration, notwithstanding the fact that he had been notified that the receiver would demand strict performance of the terms under which the property was sold.

"On the return day of the order under consideration, Mr. Brown announced that the assignee of Mr. Hancock was ready and willing to complete the conditions of the sale theretofore made by the receiver with Mr. Hancock, and opposed the confirmation of the sale to Mr. Kniffin.

"The Brigantine Golf and Country Club was declared insolvent over two years ago and there has been a constant effort on the part of the receiver to dispose of the assets of the insolvent corporation. A sale of those assets was reported by a former receiver in the early stages of the receivership, and by reason of matters that need not now be discussed, that sale was not confirmed. Thereafter, the present receiver exposed the property to public sale, and, receiving no bids, adjourned the sale until a later date, and on the adjourned date the same result obtained, *i. e.,* no bidders.

"In the meantime, after the failure to secure bidders as aforesaid, the receiver made every effort to dispose of the

assets at private sale and endeavored to protect the buildings and contents by insurance, caretakers, &c. There was no money with which to accomplish this purpose, with the result that the building and contents were subject not only to depreciation but to theft as to the personal property, as well as to the hazards of fire.

"When the sale to Hancock was confirmed, the creditors of the defendant company urged that the sale be not confirmed but that the receiver hold over until a more propitious time, but the court, realizing the hazards of a further attempt on the part of the receiver to protect the assets of the corporation, confirmed the sale, with the idea of course that the purchaser would comply with the conditions of sale. He did not do so, nor did his assignee. They have slept on their rights and.have done nothing, until they are suddenly confronted with the new sale and now they attempt to defeat that by an effort of performance of a contract which they should have performed on July 1st, 1934.

"If the court of chancery is to tolerate such a lackadaisical performance of a contract of sale, such sales, when ordered by the court, will be farcical.

"I am satisfied that the sale of the assets of the defendant company to Mr. Kniffin should be confirmed and that the price offered by him as a consideration is the best price obtainable at this time, and that there is no prospect that a better price might be obtained in the near future, and I am further satisfied that it is entirely improper that the assets of the defendant company should be further exposed to the hazards hereinbefore referred to.

"An order will be advised confirming the sale."

*Mr. William Charlton,* for the appellant.

*Mr. John Lloyd, Jr.,* for the respondent.

PER CURIAM.

The order appealed from will be affirmed, for the reasons expressed in the opinion delivered by Vice-Chancellor Sooy in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ.   13.

*For reversal*—None.